# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | |
| *Plaintiffs,* | Case No. 1:25-cv-165 |
| v. | |
| GREYSTAR REAL ESTATE PARTNERS, LLC, et al., | |
| *Defendants.* | |

## JOINT MOTION TO STAY DISCOVERY FOR 60 DAYS

Plaintiffs and Defendants (together, the "Parties") hereby move to stay all deadlines and obligations related to discovery for sixty (60) days and, accordingly, to vacate and reschedule the May 29, 2025 Scheduling Conference.

## PROCEDURAL OVERVIEW

Plaintiffs filed their Complaint on January 16, 2025. ECF No. 1. Plaintiffs raise four claims in this action: (i) "misrepresentation of the total cost of renting a unit at a Greystar managed property" under the Federal Trade Commission Act; (ii) use of "false, fictitious, or fraudulent statements or representations to customers of financial institutions to obtain or attempt to obtain, or to cause to be disclosed or attempt to cause to be disclosed, customer information of a financial institution as part of the rental application process" under the Gramm-Leach-Bliley ("GLB") Act; (iii) "making false or misleading statements of fact concerning the cost of renting a unit at a Greystar managed property" under the Colorado Consumer Protection Act ("CCPA"); and (iv) "engaging in an unfair,

unconscionable, or deceptive practice" under the CCPA. *Id*. at 45-49 (capitalization omitted).

On March 12, 2025, Defendants filed an unopposed Motion to Extend Case Deadlines by 30 days, including the Scheduling Conference and related deadlines. The Court granted this Motion to Extend on March 13, 2025, and set a Scheduling Conference for May 29, 2025. Defendants filed a Motion to Dismiss on April 16, 2025, advancing several grounds for dismissal of each of the claims, including arguments regarding statutory interpretation, the sufficiency of the allegations in the complaint, and the Court's personal jurisdiction over certain of the Defendants. ECF No. 34. On May 6, 2025, the Parties met and conferred in accordance with Federal Rule of Civil Procedure 26(f).

As the parties are completing the briefing of Defendants' Motion to Dismiss, they are also engaged in active settlement negotiations and plan to continue to meet and confer on issues to be addressed prior to the commencement of discovery, including the content of a protective order and a mutually agreed-upon discovery plan and protocol. In light of the foregoing, a stay would benefit judicial economy. Accordingly, the Parties hereby move this Court for an order staying all discovery for 60 days, including vacating the Scheduling Conference currently calendared on May 29, 2025.

**LEGAL STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants*." Morrill v. Stefani*, No. 17-cv-00123, 2017 WL 1134767, at *1 (D. Colo. Mar. 13, 2017) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760,

2

763 (1931)). Staying discovery "for a brief period pending a possible settlement that could resolve [the] matter in its entirety" is an appropriate exercise of the Court's discretion. *Richter v. City of Commerce City*, No. 15-cv-01826, 2016 WL 9738099, at *1 (D. Colo. June 3, 2016).

Courts in this district have considered the following factors—known as the *String Cheese Incident* factors—when considering a stay of discovery: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden [discovery poses] on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

## ARGUMENT

The *String Cheese Incident* factors weigh in favor of a brief, 60-day stay of discovery in this matter.

First, Plaintiffs' interests in proceeding expeditiously will not be significantly harmed by a short delay in initiating discovery, as evidenced by Plaintiffs' assent to this Joint Motion.

Second, Defendants will be burdened absent a stay, as commencing discovery would require Defendants to incur costs and expend resources for a matter that may ultimately be unnecessary.

Third, a stay of discovery will promote judicial efficiency and economy by ensuring that the Court adjudicates only as many issues as are necessary. A settlement could

3

resolve the entire Complaint, leaving no claims for adjudication on the merits, thus rendering discovery beforehand unwarranted or overly broad. *See, e.g.*, *Blau v. Ells*, No. 17-cv-01836, 2018 WL 11182727, at *2 (D. Colo. Feb. 2, 2018) (finding stay of discovery appropriate where "the settlement agreement will certainly have an impact, and perhaps a dispositive impact, on at least some, if not all, of the claims here").

The <u>fourth and fifth</u> *String Cheese Incident* factors, the interests of non-parties and the public interest, would be served by staying discovery, which promotes judicial efficiency and economy. Potential witnesses and/or third parties would be spared from responding to discovery requests or appearing for depositions if all of Plaintiffs' claims are disposed of by settlement. And "to the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay." *Lane v. Yohn*, No. 12-cv-02183, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012).

As set forth above, a stay would promote judicial economy and efficiency and would conserve the Parties' resources—and those of third parties and the public—without significantly burdening any Party. These considerations demonstrate good cause to stay discovery in this case for 60 days, as well as to vacate and reschedule the Scheduling Conference currently set for May 29, 2025.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Parties respectfully request that this Court grant this Joint Motion to Stay Discovery for 60 Days.

| | |
|---|---|
| Date: May 16, 2025 | Respectfully submitted, |
| /s/ *Samantha Bennett*_____ | /s/ *Lindsay C. Harrison*_____ |
| SAMANTHA BENNETT (NY Bar No. 5132063)<br>ROBERTA TONELLI (Cal. Bar No. 278738)<br>SPENCER SCOVILLE (D.C. Bar No. 1766898)<br>ALYSSA J.H. WU (Cal. Bar No. 339651)<br>Federal Trade Commission<br>Western Region San Francisco<br>90 7th Street, Suite 14-300<br>San Francisco, CA 94103<br>Tel: (415) 848-5100<br>Email: sbennett@ftc.gov; rtonelli@ftc.gov; sscoville@ftc.gov, awu1@ftc.gov<br><br>Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION<br><br><br>PHILIP J. WEISER<br>Attorney General<br><br><br>/s/ *Sarah Silver*_____<br>JULIANNE B. CRAMER, 57111<br>First Assistant Attorney General<br>ADAM T. RICE, 53963<br>SARAH SILVER, 58465<br>Assistant Attorneys General<br>Civil Rights Unit, Housing Protection<br>Consumer Protection Section<br>1300 Broadway, 9th Floor<br>Denver, CO 80203<br>Tel: (720) 508-6000<br>Email: Julie.Cramer@coag.gov;<br>Adam.Rice@coag.gov;<br>Sarah.Silver@coag.gov<br><br>Attorneys for Plaintiff<br>STATE OF COLORADO | **JENNER & BLOCK LLP**<br><br>Lindsay C. Harrison (D.C. Bar No. 977407)<br>Elizabeth Henthorne (D.C. Bar No. 1562688)<br>Hilary R. Ledwell (D.C. Bar No. 1615076)<br>Joshua J.W. Armstrong (D.C. Bar No. 90011865)<br>1099 New York Ave, NW, Suite 900<br>Washington, DC 20001<br>202-639-6000<br>LHarrison@Jenner.com<br>BHenthorne@Jenner.com<br>HLedwell@Jenner.com<br>JArmstrong@Jenner.com<br>Jocelyn A. Sitton (IL Bar No. 6339690)<br>353 N. Clark St<br>Chicago, IL 60654<br>312-222-9350<br>JSitton@Jenner.com<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed using the Court's CM/ECF system. Service was effected by and through the Court's CM/ECF system.

Dated: May 16, 2025                                    */s/ Lindsay C. Harrison*
                                                       Lindsay C. Harrison