UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-165

FEDERAL TRADE COMMISSION, and

STATE OF COLORADO, *ex rel.* PHILIP J. WEISER, ATTORNEY GENERAL,

    Plaintiffs,

    v.

GREYSTAR REAL ESTATE PARTNERS, LLC, *et al.*,

    Defendants.

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
BRIEF OF *AMICI CURIAE* NATIONAL APARTMENT ASSOCIATION
AND NATIONAL MULTIFAMILY HOUSING COUNCIL**

Rather than mount a serious, case-specific objection to the Motion for Leave to File Brief of *Amici Curiae* by the National Apartment Association ("NAA") and the National Multifamily Housing Council ("NMHC"), the FTC raises a set of boilerplate arguments that would apply to practically any *amicus* brief. But as NAA and NMHC's Motion explains, the organizations' distinct vantage point and deep experience with the rental housing industry allow them to offer valuable context to the Court. NAA and NMHC thus respectfully request permission to file their proposed *amicus* brief.

The FTC's lead argument is that NAA and NMHC support Defendants. But *amici* are frequently—indeed, typically—"interested in a particular outcome." *Prairie Rivers Network v. Dynegy Midwest Generation*, 976 F.3d 761, 763 (7th Cir. 2020) (granting motion for leave to file). "[T]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1996). To the contrary, "the mere fact that a non-party seeks to put forth an opinion in the case does not disqualify it as an amicus." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 661 (E.D. Va. 2007). "[B]y the nature of things an amicus is not normally impartial … and there is no rule … that amici must be totally disinterested." *Id.* (internal quotation marks omitted); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (granting leave and noting that the participation of interested amici is "now quite common").

The FTC's argument to the contrary is not only ill-considered, but "contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf

1

of opposing views promotes sound decision making." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). "[A]n amicus who makes a strong but responsible presentation *in support of a party* can truly serve as the court's friend." *Id.* (emphasis added). The relevant question is not whether an amicus supports a particular outcome, but rather whether the brief will "contribute in clear and distinct ways" to the Court's analysis. *Prairie Rivers Network*, 976 F.3d at 763. In fulfilling that role, it is "perfectly permissible" for an amicus to "take a legal position and present legal arguments in support of it." *Funbus Sys.*, 801 F.2d at 1125.

That remains true "[e]ven when a party is very well represented." *Neonatology Assocs.*, 293 F.3d at 132. The unique context and insights *amici* can offer are no less important or persuasive when the parties are adequately represented. *See id.* Thus, as courts have repeatedly recognized, amicus participation is appropriate when the parties are "well-represented by counsel" if the *amici*'s "input would be helpful in considering [the] motion to dismiss." *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013); *see also Gallo v. Essex Cnty. Sheriff's Dep't*, 2011 WL 1155385, at *6 n.7 (D. Mass. Mar. 24, 2011) (regardless of whether a motion is "ably presented by" defense counsel, an amicus brief can be "quite helpful in putting the immediate controversy in its larger context").

And here, *amici*'s perspective and expertise will serve several functions courts have identified as useful: The proposed *amicus* brief "explain[s] the broader regulatory or commercial context" in which this case arises and "provid[es] practical perspective on the consequences of particular outcomes." *Prairie Rivers Network*, 976 F.3d at 763. NAA

2

and NMHC's explanation of "the impact a potential holding might have on an industry or other group" is a reason to *grant* the motion for leave to file—not deny it. *Id.* at 132. The FTC (at 2-3 & n.1) apparently takes a dim view of discourse in district-court proceedings, but it is well-established that district courts have "broad discretion" to permit amicus participation. *Oakley v. Devos*, 2020 WL 3268661, at *13 n.23 (N.D. Cal. June 17, 2020). The FTC does not explain why "practical perspectives" and a discussion of the "broader regulatory or commercial context" are somehow less helpful to district courts. *Prairie Rivers Network*, 976 F.3d at 763.

Finally, the FTC's opposition is rife with contradictions. The FTC argues that *amici* have not asserted a sufficient interest in this case, but criticize *amici* for their support of a particular outcome. The FTC cannot ask the Court to deny the motion on the basis that NAA and NMHC have not claimed "that the outcome of this matter affects their interest in another pending litigation" (Opp. 7-8), while simultaneously objecting that *amici* are *too* interested in a particular outcome (*id.* at 4-6). Nor can the FTC argue that *amici*'s discussion improperly strays outside the Complaint (*id.* at 10-11), while labeling *amici*'s arguments as duplicative of Defendants' motion (*id.* at 8-9). At bottom, the FTC's dueling theories show that the proposed brief strikes a balance that will be useful to the Court: It "addresses the same issues as the parties," but provides a "unique perspective" that will be "helpful" to the court. *High Country Conservation Advocs. v. United States Forest Serv.*, 333 F. Supp. 3d 1107, 1116-17 (D. Colo. 2018), *vacated and remanded on other grounds by* 951 F.3d 121 (10th Cir. 2020).

3

Dated: May 28, 2025

Respectfully submitted,

*/s/ Jaime A. Santos*
Jaime A. Santos
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
jsantos@goodwinlaw.com

Kevin P. Martin (Co-Counsel)
Jordan Bock (Co-Counsel)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

*Counsel for Amici Curiae the National Apartment Association and the National Multifamily Housing Counsel*

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Colorado by using the court's CM/ECF system on May 28, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

Dated: May 28, 2025

/s/ Jaime A. Santos
Jaime A. Santos
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
jsantos@goodwinlaw.com

*Counsel for Amici Curiae the National Apartment Association and the National Multifamily Housing Counsel*

5